IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
DEC 30 2011
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By _____
Deputy Clerk

| | |
|---|---|
| (1) DIANA ALLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV 11-461-SPS |
| ) | |
| (1) AMERICAN BANKERS LIFE ) | Removed from Pittsburg County |
| ASSURANCE COMPANY OF ) | Case No. CJ-2011-00172 |
| FLORIDA, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

**COMES NOW** Defendant, American Bankers Life Assurance Company of Florida ("ABLAC"), by and through counsel, in accordance with applicable law, including but not limited to, 28 U.S.C. §§ 1332, 1441 and 1446 appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and hereby gives notice of the removal of this action from the District Court of Pittsburg County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma, and in support thereof would show unto the Court the following, to wit:

1.      This action was commenced by the filing of a Petition being Case No. CJ-2011-172 in the District Court of Pittsburg County, Oklahoma, a court within this judicial district and division.

2.      In this action, Plaintiff, Diana Alles, alleges that ABLAC breached a contract with Plaintiff by denying coverage under an insurance contract and refusing to

pay. Plaintiff alleges that ABLAC also breached the implied obligation of good faith and fair dealing.

3. In compliance with LCvR 81.2 of the Local Court Rules for the U.S. District Court of the Eastern District of Oklahoma, a copy of the docket sheet and all process, pleadings and orders on file in the District Court of Pittsburg County, Oklahoma, are hereto attached as Exhibit 1.

4. This Court has diversity jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 because the parties properly joined and served are completely diverse, and because the amount in controversy exceeds $75,000.00, exclusive of interest and cost.

5. Contemporaneously with the filing of this Notice of Removal, a copy of this Notice is being filed with the District Court of Pittsburg County, Oklahoma, and is being served upon all counsel of record.

## DIVERSITY JURISDICTION

6. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

a. The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between - -

i. Citizens of different states . . . .

**A.   THE NATURE OF PLAINTIFF'S CLAIMS**

7. Plaintiff alleges that ABLAC failed to pay life insurance benefits under a credit life insurance contract upon the death of her husband, on or about July 18, 2007. A

2

true and correct copy of the subject certificate is attached hereto. (Ex. 2 at 2 – 9.)

### B. DIVERSITY OF CITIZENSHIP

8.  Plaintiff submitted a claim form with an address indicating that she is a citizen of Cuero, Texas. (Ex. 2 at 11.) ABLAC is a corporation existing and incorporated in the State of Florida and maintains its principal place of business in the State of Florida. At the time of the filing of Plaintiffs' complaint and at the time of removal, ABLAC is, and has been, a citizen of Florida. *See* 28 U.S.C. § 1332(c)(1). Thus, there is a complete diversity of citizenship between the Plaintiff and the Defendant.

### C. AMOUNT IN CONTROVERSY

9.  In Count One of the Petition, Plaintiff seeks damages for "loss of contract benefits" in an amount in excess of $10,000.00. (Ex. 1 at 3.) The face amount of the credit life insurance certificate in issue was $90,600.00; however, it provides that the amount of insurance is limited to the unpaid balance due on the date of death, plus any payments made that were not scheduled until after the date of death, less any scheduled payments that are more than sixty (60) days late on the date of death. (Ex. 2 at 2-3.) According to the Petition, the date of death was July 18, 2007. (Ex. 1 at 2.) Plaintiff submitted a claim statement attaching a payoff statement dated the date of death, which indicated that the unpaid balance due on the date of death was $71,588.25. (Ex. 2 at 10.) Count Two of the Petition, in addition to the contract benefits sought in Count One, seeks punitive damages in an amount in excess of $10,000.00. (Ex. 1 at 3.) Plaintiff also seeks atttorney's fees and "such other and further relief to which she may show herself entitled." (*Id.* at 4.)

10.  When the life insurance contract benefits in issue are added to the minimum amount of punitive damages claimed, the amount in controversy clearly exceeds

$75,000.00 ($71,588.25 + $10,000.00 = $81,588.25).

## CONCLUSION

11.     As stated above, there is complete diversity of the parties. As demonstrated above, the amount in controversy is clearly satisfied. Thus, diversity jurisdiction is present.

**WHEREFORE**, Defendant requests that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the District Court of Pittsburg County, Oklahoma, be hereby stayed.

Respectfully submitted,

_____
J. Derrick Teague, OBA #15131
JENNINGS COOK & TEAGUE, P.C.
204 N. Robinson Avenue, Suite 1000
Oklahoma City, OK  73102
Telephone:   (405) 609-6000
Facsimile:    (405) 609-6501
E-mail:         jdt@jctokc.com

*ATTORNEY FOR DEFENDANT*
*AMERICAN BANKERS LIFE ASSURANCE*
*COMPANY OF FLORIDA*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30 day of December, 2011, I served the foregoing document by U.S. Postal Service on the following parties:

Tim Maxcey
Eddie Foraker
STIPE, HARPER, LAIZURE, USELTON, BELOTE, MAXCEY & THETFORD
P.O. Box 1369
McAlester, OK 74502

*ATTORNEYS FOR PLAINTIFF*

_____
J. Derrick Teague